IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA JONES,<br><br>      Plaintiff,<br><br>v.<br><br>ANGELA CRAIN, JILL CRANE, and ANTHONY WILLS,<br><br>      Defendants. | Case No. 24-cv-989-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff Joshua Jones, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Jones initially filed a Complaint (Doc. 1) alleging deliberate indifference in the treatment of his knee pain. But Jones failed to allege pertinent information about the defendants and their involvement in his care (Doc. 13, p. 3). The Complaint was dismissed without prejudice, but Jones was granted leave to submit an amended pleading. In his Amended Complaint (Doc. 16), Jones again alleges that the defendants were deliberately indifferent in treating an injury to his knee.

      This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Jones makes the following allegations: Starting in 2020, Jones began experiencing pain in his left knee. He made numerous sick call requests about his knee pain but was merely provided with Tylenol (Doc. 16, p. 6). The medication failed to control his pain. Sometime in the winter of 2021-2022, Jones received an x-ray; it was negative for a fracture (*Id*.). Sometime in 2022, he spoke to head nurse Angela Crain about his continued pain. Although he requested immediate care, Crain told Jones that he would have to wait because the prison healthcare unit was short-staffed (*Id*.). Jones eventually received an MRI of his knee, although he fails to indicate the approximate date of the MRI. He did not receive the results.

In March 2023, Jones submitted a grievance about his left knee pain (*Id*. at p. 6). He also requested the results of his MRI. Warden Anthony Wills deemed the grievance an emergency and directed Crain and Nurse Practitioner Jill Crane to expedite Jones's issues (*Id*. at pp. 6-7). Approximately thirty days after the grievance was deemed an emergency, Jones received the results of his MRI and was scheduled for a consult with an orthopedic doctor (*Id*. at p. 7). In October 2023, Jones met with the orthopedic doctor who diagnosed Jones with a torn meniscus (*Id*.). The doctor informed Jones that he would be scheduled for surgery.

Upon returning to the prison, Jones requested a low bunk permit, a walking aid, and prescription pain medication for his injuries. He specifically asked Angela Crain, Jill

Crane, and Anthony Wills for the devices and medications, but they denied Jones's requests (*Id.*). To date, Jones alleges that he has not received any stronger pain medications or any of his requested devices, despite Crain and Crane being aware of his requests (*Id.*). In December 2023, Jones again spoke to an orthopedic surgeon and requested a low bunk permit, low gallery permit, a walking aid, physical therapy, and prescription pain medications (*Id.* at p. 8). The orthopedic surgeon indicated that he would speak with the head nurse and nurse practitioner at the prison in order to ensure that Jones received his requested items (*Id.*). Jones never received any of his requested items or services.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Angela Crain, Jill Crane, and Anthony Wills for delaying Jones's access to medical care and his requests for assistive items, permits, and pain medication.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] This includes any claim pursuant to the Fourteenth Amendment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Jones

3

At this stage, Jones adequately states a claim for deliberate indifference against Defendants. He alleges that he specifically requested medical care, assistive devices, and medications from each of the defendants and they failed to provide him with his requested items (Doc. 16, p. 7). He also alleges that his care was delayed. When he requested immediate care from Angela Crain, she told Jones that he would have to wait because the prison was short-staffed (*Id*. at p. 6). But to the extent that Jones also alleges that Anthony Wills failed to properly expedite Jones's grievance, Jones fails to state a claim (*Id*. at p. 8). *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Accordingly, Count 1 shall proceed against Angela Crain, Jill Crane, and Anthony Wills. Any claim regarding the failure to expedite Jones's grievance is **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Angela Crain, Jill Crane, and Anthony Wills.

The Clerk of Court shall prepare for Defendants Angela Crain, Jill Crane, and Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to

---

alleges that his due process and equal protection rights were violated, but he fails to allege how delays in his medical care implicate those constitutional rights (Doc. 16, pp. 8-9). Thus, any claim under the Fourteenth Amendment is **DISMISSED without prejudice**.

mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Jones. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Jones, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Jones, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Jones is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 21, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**